RENDERED: OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1540-MR

T&T CATTLE COMPANY, LLC                                          APPELLANT

v.

APPEAL FROM ESTILL CIRCUIT COURT
HONORABLE MICHAEL DEAN, JUDGE
ACTION NO. 20-CI-00136

STEPHEN J. CAMPBELL; AMANDA
CAMPBELL; AND ESTILL COUNTY
FISCAL COURT                                                    APPELLEES

OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: In this real property dispute, T & T Cattle Company, LLC (T &
T Cattle), the Appellant, challenges the summary judgment of the Estill Circuit
Court entered in favor of the Appellees. After our review, we affirm in part,
reverse in part, and remand.

In January 2020, T & T Cattle acquired real property on Harris Ferry Road on the Kentucky River in Estill County. The property was historically known as Tract 1 and Tract 6 of the Fox & Sparks Farm division of 1947. Some months later, the Campbells, Appellees, acquired adjoining property. Their property was historically known as Tract 2 and Tract 5, of the Fox & Sparks Farm division of 1947.

The Campbells' tracts are contiguous. Their roughly u-shaped property is bordered to the north by the T & T Cattle tracts and by the Kentucky River to the south, east, and west. T & T Cattle's Tract 1 and Tract 6 are bisected by a paved roadway that begins at Winchester Road. South of a portion of the Campbells' real property, the paved roadway turns into a gravel roadway. The gravel roadway continues along aside T & T Cattle's Tract 6 and the remainder of the Campbells' Tract 2 and terminates at the Campbells' Tract 5. A dirt roadway, which is accessible only from the gravel roadway, leads to a private cemetery located entirely upon T & T Cattle's Tract 6. There is no dispute concerning the nature of the paved portion of the roadway: it is Harris Ferry Road, a duly adopted county road.

Shortly after the Campbells acquired their property, Stephen Campbell removed a gate that crossed the gravel portion of the roadway. T & T Cattle objected and filed a declaratory judgment action against the Campbells and

the Estill County Fiscal Court (the Fiscal Court), also an Appellee. In its complaint, T & T Cattle alleged that the gravel roadway extending approximately .6 miles south of its gate was situated entirely on its property. While T & T Cattle did not challenge the Campbells' right to use the gravel roadway to access their property, it contended that the Campbells could not prevent T & T Cattle from maintaining an unlocked gate across it.

The Estill County Fiscal Court answered the complaint and filed a counterclaim. The fiscal court alleged that the disputed portion of the roadway is part of its county road inventory and has been subject to its maintenance for decades. It sought an order prohibiting T & T Cattle from replacing its gate across the roadway. The Campbells also answered the complaint and sought to enjoin T & T Cattle from erecting a gate across the disputed roadway. A period of discovery began.

In April 2021, the Campbells filed a motion for summary judgment. They argued that they had a right to use the disputed portion of the roadway regardless of whether it was deemed a county road. T & T Cattle then filed a motion for summary judgment against the fiscal court, arguing that the disputed roadway could **not** be shown to be a county road.

In May 2021, the Estill County Fiscal Court supplemented its responses to discovery propounded by T & T Cattle and filed its response to

T & T's motion for summary judgment. It explained that resolutions appear in the minutes of fiscal court meetings dating from 1954 for the purpose of: adopting a county road project for Harris Ferry Road; incorporating it into the county road maps; and placing the road on the state county road system map. However, it could not yet identify with certainty where the county road ended. It explained as follows:

> There are competing road length descriptions and a survey of the road conducted which establishes two possible terminus points for the county road, which would be the end of Harris Ferry Road, both of which are past the gate which is the impetus for this case.

The Fiscal Court argued that summary judgment was premature. Discovery continued.

In October 2021, T & T Cattle filed a motion to set the matter for trial. It stated that "[t]here are mixed issues of law and fact present and some of the legal issues may be dispositive of the entire dispute." At a status hearing, it was determined that the matter would be set for a bench trial.

In June 2022, the Campbells and the Estill County Fiscal Court filed a joint motion for summary judgment. The Campbells contended that evidence of record showed that the paved portion of Harris Ferry Road was .442 miles short of the length of the county road as originally identified by the fiscal court upon adoption of the road into the county road system -- 3.8 miles. The Fiscal Court

argued that the unpaved portion of the roadway completed the county road and provided access to the path leading to the private cemetery.

T & T Cattle filed its response along with another motion for summary judgment. It noted that the parties "have agreed to submit this matter to the Court for final consideration on all claims." It argued that the disputed portion of the roadway "was gated for many years, never paved like a county road, and never considered as a county road before this dispute." It contended that the "County cannot show proper adoption of the disputed stretch [of the roadway]." Quoting the language of the fiscal court's 1954 resolution to adopt Harris Ferry Road, T & T Cattle observed that Harris Ferry Road was described as "beginning at the intersection of Ky 89 (Winchester Road) at Palmer and extending westerly; a distance of 2 1/6 miles. . . ." It contended that the length of the road (as described) does not encompass the disputed gravel roadway. Finally, T & T Cattle contended that the Campbells did not have an easement either by necessity or by prescriptive easement.

Following a hearing conducted on August 4, 2022, the court denied the motions for summary judgment. It concluded that there existed genuine issues of material fact "as to which portion, if any, of the disputed roadway is a County Road" precluding summary judgment. In September, the court ordered the matter passed to October when it would be assigned "a bench trial on county road issue."

In November 2022, the parties filed a joint motion to submit the matter for a final ruling with respect to the issue of whether the disputed roadway was a county road. They agreed that the court's determination with respect to the status of the disputed roadway was necessary before the easement issue could be addressed and explained that they were aware of "no other evidence regarding the existence or non-existence of a county road." They requested the court to "make final determination on this issue," arguing that the issue be deemed to be submitted. In December 2022, the Estill Circuit Court entered an order confirming that the parties had submitted "the county road issue for a ruling by the Court based on the evidence filed of record." Based on this evidence, the court found that a surveyed plat dated November 1947 and prepared upon the division of the Fox & Sparks Farm showed "a 30' wide road ("the road") running along the Northwest border of Tract 6 and continuing between Tract 6 and Tract 2, all the way to Tract 5. . . ." It noted that the deed of the property to T & T Cattle and the deed of the property to the Campbells each expressly refers to the road shown on the plat.

From a review of the affidavits and depositions in the record, the court found that the Campbells' predecessors in title "regularly raised corn and soybeans and ran cattle on [Tracts 2 and 5], and as part of their farming of the property, used the road located between Tract 2 and Tract 6 to access Tract 5, and that they also

used the road to move farm equipment from and to Tract 2 and Tract 5." It found that the road provides the only reasonable access to Tract 5 and that visitors always used the road to access the cemetery on Tract 6.

The trial court concluded that the 1947 plat clearly showed the disputed road providing access to the various tracts and established a common law dedication of the entire roadway as a public road. Additionally, records of the fiscal court established that the road was formally adopted as a county road in 1954. The trial court determined that the end of the road "is clearly defined by the 1947 plat and is further defined on the ground by the bars at the end of [T & T Cattle's] Tract 6 and the beginning of the Campbell's Tract 5." The court concluded that the disputed section of the roadway (from the end of the pavement on Harris Ferry Road all the way to the Campbells' Tract 5) forms part of the county road and that a gate could not be erected to limit access. It determined that the easement question was moot. Finally, it concluded that the dirt roadway to the cemetery is a public road. This appeal followed.

On appeal, T & T Cattle contends that the trial court erred by concluding that the disputed portion of the roadway is a county road and by determining that the public at large had access to the private cemetery on its property. It argues that our standard of review on appeal is *de novo* and does not require that we defer to the trial court's finding of fact.

The Estill County Fiscal Court contends that the issue was tried to the court by agreement and that its findings of fact cannot be set aside unless they are shown to be clearly erroneous. It contends that the trial court's legal conclusion concerning the status of Harris Ferry Road is based upon findings of fact that are adequately supported by the evidence.

However, our review of this matter is not *de novo*. The parties clearly agreed that the conflicting evidence concerning the status of the disputed portion of the roadway would be considered **by the court** and that the court would render a final decision based upon that evidence. CR[1] 52.01 provides that where an action is tried upon the facts without a jury, "the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" Upon review, the trial court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01.

A trial court's findings of fact are not clearly erroneous where they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336 (Ky. 2003). "'[S]ubstantial evidence' is '[e]vidence that a reasonable mind would accept as adequate to support a conclusion' and evidence that, when 'taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in

---

[1] Kentucky Rules of Civil Procedure.

the minds of reasonable men.'" *Id.* at 354 (quoting BLACK'S LAW DICTIONARY (7th ed. 1999) and citing to *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) and *Blankenship v. Lloyd Blankenship Coal Co.*, 463 S.W.2d 62 (Ky. 1970)). Where the trial court's findings of fact are supported by substantial evidence, our review "is confined to determining whether those facts support the trial judge's legal conclusion." *Barber v. Bradley*, 505 S.W.3d 749, 754 (Ky. 2016) (quoting *Commonwealth v. Deloney*, 20 S.W.3d 471, 473-74 (Ky. 2000)). Thus, our review falls short of the more stringent *de novo* standard and is more circumscribed in the case of a bench trial.

KRS[2] 178.010 provides that a county road is a "public road[] which ha[s] been formally accepted by the fiscal court of the county as a part of the county road system, or private roads, streets, or highways which have been acquired by the county [by gift for public purposes] . . . ." The formal procedure for establishing a county road ensures that the county "[will] not be held responsible for the maintenance of a road which happens to become public through a process over which it has no control." *Cary v. Pulaski Cnty. Fiscal Court*, 420 S.W.3d 500, 508 (Ky. App. 2013) (citing *Sarver v. County of Allen*, 582 S.W.2d 40, 41 (Ky. 1979)).

---

[2] Kentucky Revised Statutes.

T & T Cattle accepts that the paved portion of Harris Ferry Road is a county road. However, it contends that the roadway south of the pavement was never a county road officially adopted by Estill County. However, the Estill County Fiscal Court contends that it adopted the length of the roadway in its entirety -- specifically including the gravel portion -- as a county road by the formal proceedings that it undertook in 1954.

The trial court relied upon incontrovertible evidence showing that the entire length of the disputed roadway was made a public road upon division of the Fox & Sparks Farm in 1947 and that the road was subsequently formally adopted by the fiscal court as a county road. Based upon expert testimony indicating that county road mileage is commonly only approximated, the trial court concluded that the discrepancies in the fiscal court's records of the road's length were not sufficient to cause a portion of the road to be excluded from its county road inventory and maintenance responsibilities. Furthermore, there was no evidence to suggest that the county ever intended to discontinue any portion of the road from its inventory.

While it is clear that part of a roadway may be made a county road without the entirety of its length being accepted into the county's inventory, the facts found by the trial court do not indicate that the county's formal proceedings excluded any portion of the roadway as it was established in 1947. From the

-10-

affidavits, depositions, and the county's official records, the trial court concluded that the Estill County Fiscal Court properly demonstrated its official decision to accept Harris Ferry Road as a county road and adequately proved that it intended to accept the entirety of the road -- including its terminus at the Campbells' Tract 5. Nor did it err by concluding that issues surrounding the Campbells' claim to an easement were rendered moot by this conclusion of law.

Lastly, we address the contention of T & T Cattle that the trial court erred by concluding that the dirt pathway leading to the private cemetery located on its property is a public roadway. Citing the decision of the Supreme Court of Kentucky in *Commonwealth, Department of Fish & Wildlife Resources v. Garner*, 896 S.W.2d 10 (Ky. 1995), T & T Cattle accepts the proposition that an easement exists across its property in support of the rights of relatives to visit the cemetery. However, it denies that the recognized easement transforms the pathway to the cemetery into a public road open to all for any purpose.

The Estill County Fiscal Court does not present a counterargument on appeal with respect to this issue. We treat this omission the same as if no brief had been filed at all. Consequently, in accordance with the provisions of our Rule of Appellate Procedure 31(H)(3), we elect to reverse this part of the court's judgment without considering the merits of the issue that is uncontested.

-11-

The judgment of the Estill Circuit Court is affirmed in part and

reversed in part, and we remand for entry of an order consistent with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Michael S. Fore
Isaac N. Claywell
Richmond, Kentucky

BRIEF FOR APPELLEE ESTILL
COUNTY FISCAL COURT:

Jason Riley
Irvine, Kentucky